NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALIM URMANCHEEV, | No. 22-15701 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00791-DAD-BAK |
| v. | |
| HUNTER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted March 26, 2024[**]

Before:   TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Former California state prisoner Alim Urmancheev appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging access-to-courts and deprivation of property claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Urmancheev's access-to-courts claim because Urmancheev failed to show actual injury to a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (explaining that an access-to-courts claim requires a plaintiff to show that defendants' conduct caused an actual injury to a nonfrivolous legal claim); *see also Christopher v. Harbury*, 536 U.S. 403, 415-17 (2002) (to plead an actual injury for an access-to-courts claim, the complaint "should state the underlying claim . . . just as if it were being independently pursued").

The district court properly dismissed Urmancheev's deprivation of property claim because Urmancheev failed to allege facts sufficient to show that a meaningful post-deprivation remedy was unavailable to him. *See Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984) (a deprivation of property, whether random or intentional, is not actionable if the state provides a meaningful post-deprivation remedy); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

22-15701

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**